**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DENTAL USA, INC.,** an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.:_____ |
| v. | ) | |
| | ) | |
| **BEAK & BUMPER, LLC**, a Michigan limited | ) | **JURY TRIAL DEMANDED** |
| liability company, and **END PRODUCT** | ) | |
| **RESULTS**, **LLC** a Michigan limited liability | ) | |
| company d/b/a Golden Dental Solutions | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Dental USA, Inc. ("Dental USA"), for its complaint against Defendants Beak &

Bumper, LLC ("B&B") and End Product Results, LLC d/b/a Golden Dental Solutions

("Golden"), states as follows:

## NATURE OF THIS CASE

1.      This case involves threat of litigation surrounding several design patents issued to

Dr. Richard Golden and, on information and belief, assigned to B&B and then exclusively

licensed to Golden, and the resulting need for an adjudication regarding the relevant rights of the

parties and the validity of the asserted patents.

2.      This declaratory judgment action is further necessitated because B&B and Golden

have already brought claims against Dental USA in arbitration alleging that Dental USA is

infringing the design patents.

3.       Those claims were voluntarily dismissed, but B&B and Golden refused to do so

with prejudice choosing instead to argue for, and were eventually granted, a dismissal without

prejudice.

1

4.     As such, B&B and Golden have continued, and continue, their assertion that Dental USA is infringing upon the Defendants' patents and Dental USA is entitled to a declaratory judgment to clear the air regarding its rights to sell the allegedly infringing products.

## PARTIES

5.     Plaintiff Dental USA is an Illinois corporation with its principal place of business located at 5005 McCollum Lake Road, McHenry Illinois 60050.

6.     On information and belief defendant B&B is a Michigan limited liability company with its principal place of business located at 18525 Moross Road, Detroit, Michigan 48224.

7.     On information and belief, defendant Golden, is a Michigan limited liability company doing business as Golden Dental Solutions and having its principal place of business located at 18525 Moross Road, Detroit, Michigan 48224.

## JURISDICTION AND VENUE

8.     This is an action for declaratory judgment of non-infringement of several patents and for invalidity of those patents.

9.     An actual case or controversy has arisen between the parties: Defendants have accused Dental USA of infringing upon the Defendants' patents and have asserted (and dismissed without prejudice) infringement claims regarding those patents against Plaintiff in Arbitration.

10.     The actions taken by Defendants have caused injury to Dental USA and the threat of further litigation from Defendants raises a cloud of doubt about Plaintiff's right to sell its products.

11.     As such, this Court has jurisdiction over the subject matter of this action pursuant

to 28 U.S.C. § 1338 (patents) and/or 28 U.S.C. § 2201 (Declaratory Judgment Act).

12.     This Court has personal jurisdiction over Defendants pursuant to the Illinois Long

Arm Statute, 735 ILCS 5/2-209(a)(1),  and (c) because, among other things, Defendants transact

business in this judicial district, at least by offering to sell, selling and/or advertising their

products and/or services at trade shows in Chicago, IL and through the Internet in such a way as

to reach customers in Illinois and this district.

13.     On information and belief, Defendants have offered to sell, sold, and/or advertised

their products at the Chicago Dental Society Midwinter Meeting in the State of Illinois and this

district at least on February 21-24, 2013 and on the interactive website located at

[www.physicsforceps.com](www.physicsforceps.com) thereby purposely availing themselves of the privilege of conducting

business in the State of Illinois and in this district.

14.     Defendants have also caused injury to Plaintiff in Illinois and this district.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 at least because a

substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS ABOUT THE PATENTS IN DISPUTE

16.     On information and belief, B&B is the owner, through assignment from the

inventor, of U.S. Patent Nos. D566,840 (the '840 patent); D567,376 (the'376 patent); D561,899

(the '899 patent); and D590,947 (the '947 patent) (collectively, the "B&B patents").  On

information and belief, B&B is the owner, through assignment from the inventor, of U.S. Patent

Nos. D566,840 (the '840 patent) (attached hereto as Exhibit A); D567,376 (the'376 patent)

(attached hereto as Exhibit B); D561,899 (the '899 patent) (attached hereto as Exhibit C); and

D590,947 (the '947 patent)(attached hereto as Exhibit D) (collectively, the "B&B patents").

17.     On information and belief, Golden is the exclusive licensee of the B&B patents.

18.     On information and belief, the B&B patents are each directed toward separate variations of dental pliers intended for different purposes.

19.     As noted in the title of each patent, the B&B patents are each design patents directed toward "Dental Pliers."

20.     More specifically, the patents are each directed toward a "head" portion (as opposed to the handled) of differing dental pliers.

21.     Figure 1 below shows an excerpt, specifically Figs. 1 and 2, from the '840 patent:



Figure 1

22.     Figure 2 below shows an excerpt, specifically Figs. 1 and 2, from the '376 patent:



Figure 2

23.    Figure 3 below shows an excerpt, specifically Figs. 1 and 2, of the '899 patent:



Figure 3

24.     Figure 4 below shows an excerpt, specifically Figs. 1 and 2, from the '947 patent:



Figure 4

25.     As shown in Figures 1-4 above, the B&B patents each show the head portion of dental pliers in solid line and the handle portion of a dental pliers in broken lines.

26.     As such, the B&B patents show the head portion of various sets of dental pliers as the claimed decorative feature while disclaiming any features of the handles beyond the axis point of each dental pliers.

27.     Further, as a matter of law, the B&B patents, as design patents, cover the ornamental features of the claimed invention and cannot cover the features that are wholly functional.

28.     The head portion of each set of dental pliers shown in the B&B patents includes two end points; 1) a pointed tip, or beak, and 2) a rounded bumper tip.

29.     On information and belief, the rounded bumper tip of the dental pliers shown in

the B&B patents operates as a fulcrum when a user extracts a tooth using the dental pliers.

30.     More specifically, on information and belief, a user aligns the beak of the dental pliers with a back surface of a tooth and uses the rounded bumper end as a fulcrum to rotate the tooth out of its socket.

## FACTS ABOUT DENTAL USA'S PRODUCTS

31.     Dental USA sells a line of innovative dental extraction tools called the Power Elevators™.

32.     The Power Elevators™ allow a user to extract teeth with greater ease and reduced pain and discomfort for the patient.

33.     Figure 5 below is an image of two Power Elevators™ sold by Dental USA.



Figure 5

34.     Each Power Elevators™ has two tips or points: a pointed tip, or beak (shown as the upper tip in Figure 5); and a rotating fulcrum point (shown as the lower tip in Figure 5).

35.     As shown in Figure. 5, beyond the pivot point of each Power Elevators™, the "head" of the Power Elevators™ is bent or curved to approximately a 90 degree angle (in one of

two different directions depending on the model).

36.     As such, the pointed tip, or beak, of the Power Elevators™ extends perpendicular to the plane of handles.

37.     Likewise, the tip having the rotating fulcrum point of the Power Elevators™ also extends perpendicular to the plane of the handles.

### FACTS RELATED TO B&B'S ASSERTIONS OF PATENT INFRINGEMENT

38.     B&B has made multiple assertions that the Power Elevators™ infringe one or more of the B&B patents.

39.     B&B has sent cease and desist letters alleging that the Power Elevators™ infringe one or more of the B&B patents.

40.     B&B has filed claims in arbitration alleging that the Power Elevators™ infringe one or more of the B&B patents.

41.     These threats raise a cloud of uncertainty regarding Dental USA's right to market and sell the Power Elevators™.

### THE FEATURES CLAIMED IN EACH OF THE PATENTS ARE WHOLLY FUNCTIONAL

42.     As shown in Figures 1-4, the claimed features in each patent consist entirely of the functional portion of the dental pliers.

43.     Specifically, the patents claim the tips, which are designed to grip a tooth and provide a fulcrum for rotating; and the joint between the tips, which operates to allow the dental pliers to open and close.

44.     Each of these elements has been designed for entirely functional, as opposed to ornamental, purposes.

45.     Additionally, the limited bend that differentiates the dental pliers shown in each

of the B&B patents is a functional feature designed to allow a user to access different teeth in a patient's mouth depending on the set of dental pliers used.

46.     Further, any non-functional elements, to the extent any exist, shown in Figures. 1-4 above are not included in either of the Power Elevators™ shown in Figure 5.

## COUNT I - Declaratory Judgment of Non-Infringement
### (U.S. Patent No. D566,840)

47.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 46 above as if fully restated herein.

48.     As shown in Figures 1 and 5 above, the design of the Power Elevators™ is substantially different from the design shown in the '840 patent.

49.     As such, the Power Elevators™ do not infringe upon the '840 patent.

## COUNT II - Declaratory Judgment of Non-Infringement
### (U.S. Patent No. D567,376)

50.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 49 above as if fully restated herein.

51.     As shown in Figures 2 and 5 above, the design of the Power Elevators™ is substantially different from the design shown in the '376 patent.

52.     As such, the Power Elevators™ do not infringe upon the '376 patent.

## COUNT III - Declaratory Judgment of Non-Infringement
### (U.S. Patent No. D561,899)

53.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 52 above as if fully restated herein.

54.     As shown in Figures 3 and 5 above, the design of the Power Elevators™ is substantially different from the design shown in the '899 patent.

55.     As such, the Power Elevators™ do not infringe upon the '899 patent.

## COUNT IV - Declaratory Judgment of Non-Infringement
### (U.S. Patent No. D590,947)

56.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 55 above as if fully restated herein.

57.     As shown in Figures 4 and 5 above, the design of the Power Elevators™ is substantially different from the design shown in the '947 patent.

58.     As such, the Power Elevators™ do not infringe upon the '947 patent.

### COUNT V – Declaratory Judgment that U.S. Patent D566,840 Is Invalid

59.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1-58 above as if fully restated herein.

60.     The '840 patent claims the head portion of a set of dental pliers.

61.     That head portion comprises a joint and two tips pivotally connected at the joint and extending therefrom.

62.     The joint has been designed for purely functional purposes, i.e., to allow the tips to open and close.

63.     The tips have been designed for purely functional purposes, i.e., to allow the one tip to grip a tooth and the other to provide a fulcrum for rotating the tooth out of its socket.

64.     As such, the design elements of the '840 patent are functional, not ornamental, and are not appropriate subject matter for a design patent.

### COUNT VI - Declaratory Judgment that U.S. Patent No. D567,376 Is Invalid

65.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 64 above as if fully restated herein.

66.     The '376 patent claims the head portion of a set of dental pliers.

67.     That head portion comprises a joint and two tips pivotally connected at the joint and extending therefrom.

68.     The joint has been designed for purely functional purposes, i.e., to allow the tips to open and close.

69.     The tips have been designed for purely functional purposes, i.e., to allow the one tip to grip a tooth and the other to provide a fulcrum for rotating the tooth out of its socket.

70.     As such, the design elements of the '376 patent are functional, not ornamental, and are not appropriate subject matter for a design patent.

**COUNT VII - Declaratory Judgment that U.S. Patent No. D561,899 Is Invalid**

71.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 70 above as if fully restated herein.

72.     The '899 patent claims the head portion of a set of dental pliers.

73.     That head portion comprises a joint and two tips pivotally connected at the joint and extending therefrom.

74.     The joint has been designed for purely functional purposes, i.e., to allow the tips to open and close.

75.     The tips have been designed for purely functional purposes, i.e., to allow the one tip to grip a tooth and the other to provide a fulcrum for rotating the tooth out of its socket.

76.     As such, the design elements of the '899 patent are functional, not ornamental, and are not appropriate subject matter for a design patent.

**COUNT VIII - Declaratory Judgment that U.S. Patent No. D590,947 Is Invalid**

77.     Plaintiff reincorporates and realleges the allegations contained in paragraphs 1- 76 above as if fully restated herein.

78.     The '947 patent claims the head portion of a set of dental pliers.

79.     That head portion comprises a joint and two tips pivotally connected at the joint and extending therefrom.

80.     The joint has been designed for purely functional purposes, i.e., to allow the tips to open and close.

81.     The tips have been designed for purely functional purposes, i.e., to allow the one tip to grip a tooth and the other to provide a fulcrum for rotating the tooth out of its socket.

82.     As such, the design elements of the '947 patent are functional, not ornamental, and are not appropriate subject matter for a design patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dental USA, Inc. prays for a judgment as follows:

A.     That the Court enter a judgment declaring that Plaintiff's sales of the Power Elevators™ does not constitute infringement of U.S. Patent No. D566,840.

B.     That the Court enter a judgment declaring that Plaintiff's sales of the Power Elevators™ does not constitute infringement of U.S. Patent No. D567,376.

C.     That the Court enter a judgment declaring that Plaintiff's sales of the Power Elevators™ does not constitute infringement of U.S. Patent No. D561,899.

D.     That the Court enter a judgment declaring that Plaintiff's sales of the Power Elevators™ does not constitute infringement of U.S. Patent No. D590,947.

E.     That the Court enter a judgment declaring that U.S. Patent D566,840 is invalid and unenforceable.

F.     That the Court enter a judgment declaring that U.S. Patent D567,376 is invalid and unenforceable.

G.     That the Court enter a judgment declaring that U.S. Patent D561,899 is invalid and unenforceable.

H.     That the Court enter a judgment declaring that U.S. Patent D590,947 is invalid and unenforceable.

I.      For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

DATED: March 20, 2013                           Respectfully Submitted,

                                                /s/Edward L. Bishop
                                                Edward L. Bishop
                                                ebishop@bishoppatents.com
                                                Nicholas S. Lee
                                                nlee@bishoppatents.com
                                                Bishop & Diehl, Ltd.
                                                1750 E. Golf Road, Suite 390
                                                Schaumburg, IL 60173
                                                T: (847) 969-9123
                                                F: (847) 969-9124

                                                *Counsel for Dental USA, Inc.*