| | | |
|---|---|---|
| DENTAL USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 02149 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| BEAK & BUMPER, LLC and END PRODUCT RESULTS, LLC, d/b/a Golden Dental Solutions, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dental USA, Inc. has filed a complaint against Defendants Beak & Bumper, LLC (B&B) and End Product Results, LLC (EPR), doing business as Golden Dental Solutions, seeking a declaratory judgment on eight counts: non-infringement of U.S. Patent Nos. D566,840 (Count I), D567,376 (Count II), D561,899 (Count III), and D590,947 (Count IV), and that these same patents, D566,840 (Count V), D567,376 (Count VI), D561,899 (Count VII), and D590,947 (Count VIII), are invalid.[1] R. 1, Compl. ¶¶ 47-82. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b). R. 15, Mot. Dismiss. For the reasons explained below, this Court grants the motion under Rule 12(b)(3) because venue is improper: these claims must be arbitrated.

---

[1]The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

## I. Background

The Court draws most of the following facts from Dental USA's Complaint and accepts its allegations as true.[2] *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 804 (7th Cir. 2011). Defendant B&B owns all four of the design patents at issue in this lawsuit (collectively the B&B Patents). Compl. ¶ 16. Dr. Richard Golden—the inventor of the dental pliers described in the patents—assigned the patents to B&B and is now the exclusive licensee of the B&B Patents. *Id.* ¶¶ 1, 17, 19. Plaintiff Dental USA is also in the dental-pliers business and is currently selling a line of pliers called the "Power Elevators." *Id.* ¶ 31.

In 2009, Golden and Jang H. Lim, who also does business as Dental USA, entered into a Settlement Agreement. R. 16-4, Defs.' Exh. C, Settlement Agreement. The Agreement settled a then-pending patent-infringement action that Golden had filed against Lim in the United States District Court for the Eastern District of Michigan. *See id.* at Preamble. The dispute was over five patents: a method patent not at issue in this case and the four B&B Patents (the Settlement Agreement called them the "GOLDEN PATENTS"). *Id.* Golden believed that Dental USA was infringing these patents by selling imitation pliers using Golden's patented designs and his trademarked product name, "Physics Forceps." *See* R. 16, Defs.' Br. at 2, 5; *see also* R. 24, Pl.'s Resp. Br. at 4-5. The parties settled, and their agreement contains the following relevant provisions:

---

[2]Dental USA omitted some undisputed facts from its Complaint. Therefore, when necessary, the Court also draws facts from the parties' briefs and exhibits, but only where undisputed.

> 6. <u>Validity</u>. LIM acknowledges the validity of the GOLDEN PATENTS.
>
> 7. <u>Infringement</u>. LIM agrees not to infringe the GOLDEN PATENTS in the future.
>
> 8. <u>Persons Bound</u>. This Agreement shall be binding not only on GOLDEN and LIM, but also on any and all businesses controlled by LIM or GOLDEN specifically including, but not limited to Dental USA, Inc.
>
> 11. <u>Arbitration</u>. Any and all disputes regarding this Agreement between LIM and GOLDEN shall be resolved by binding arbitration before the American Arbitration Association. The location of any such arbitration shall be in Oakland County, Michigan.

Settlement Agreement ¶¶ 6-8, 11.

Two years later, in 2011, B&B sent three cease-and-desist letters to Dental USA asserting that Dental USA's new product line, called the "Power Elevators," infringes on one or more of the B&B Patents. Compl. ¶¶ 38-39; R. 24-5, Pl.'s Exh. E. B&B also filed claims in arbitration against Dental USA. Compl. ¶ 40. Although B&B (through Golden) later dismissed without prejudice its arbitration claims over the B&B Patents, *see* R. 16-10, Defs.' Exh. I, the parties are still arbitrating a claim about the method patent that is also covered in the Settlement Agreement, *see* R. 35, Pl.'s Resp. Defs.' Supplemental Authority at 1-2. According to Dental USA, these actions "raise a cloud of uncertainty" around Dental USA's right to market and sell the Power Elevators pliers. Compl. ¶ 41. For this reason, Dental USA requests, in this lawsuit, a declaratory judgment that the Power Elevators do not infringe the B&B Patents and that the B&B Patents are invalid. *Id.* at 12. In response, Defendants have filed a motion to dismiss, arguing that the Settlement Agreement

3

applies to Dental USA's claim and therefore that the parties must arbitrate this dispute. Defs.' Br. at 1.

## II. Analysis

Defendants present three alternative arguments for dismissing Dental USA's complaint under Federal Rule of Civil Procedure 12(b)[3]: (1) the Court lacks subject-matter jurisdiction over the complaint because there is no "actual controversy" as required by the Declaratory Judgment Act, 28 U.S.C. § 2201; (2) the 2009 Settlement Agreement requires the parties to arbitrate Dental USA's claims; and (3) the Court lacks personal jurisdiction over Defendants. *Id.* As discussed below, the Court ultimately dismisses the complaint for improper venue because the 2009 Agreement does, in fact, require the parties to arbitrate. In light of that holding, there is no need to decide the other two defense arguments.

### A. The 2009 Settlement Agreement

Defendants argue that this case should be dismissed because the parties agreed in the 2009 Settlement Agreement to arbitrate all disputes related to the B&B Patents. *Id.* at 1, 8-10. Dental USA opposes the motion on four grounds: (1) the parties did not agree to arbitrate these claims because the Power Elevators did not exist when the parties entered into the 2009 Settlement Agreement; (2) B&B and EPR are not parties to the 2009 Settlement Agreement; (3) Defendants incorrectly request dismissal under § 3 of the Federal Arbitration Act, which requires staying,

---

[3]Defendants also ask the Court to consider sanctioning Dental USA. *See* Defs.' Br. at 1 n.2. But the request is made in a footnote in the defense brief, and under Federal Rule of Civil Procedure 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." So the Court declines to address Defendants' request because it was improperly raised.

4

not dismissing, the proceedings; and (4) Defendants have waived their right to arbitrate. Pl.'s Resp. Br. at 4-7. For the following reasons, the Court rejects all of Dental USA's arguments and dismisses the case for improper venue.

The Federal Arbitration Act declares that as a matter of federal law, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a presumption in favor of arbitrability: "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Although Defendants do not reference a specific subsection of Rule 12(b) in their motion, it is appropriate under Rule 12(b)(3) to dismiss a case for improper venue when there is an agreement to arbitrate in a different federal district. *See Faulkenberg*, 637 F.3d at 808 ("[A] Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the district court's district."); *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

Here, the Settlement Agreement requires that "[a]ny and all disputes" about the Agreement be resolved in arbitration in Oakland County, Michigan. Settlement Agreement ¶ 11. Despite this unequivocal agreement to arbitrate, Dental USA first argues that its present claims are not covered by the Agreement because it developed the Power Elevators after the 2009 Agreement. Pl.'s Resp. Br. at 4-5.

5

Instead, it claims that only disputes about the Physics Forceps—its earlier product line—are covered by the Agreement. *See id.* But nothing in the Agreement limits the Agreement to any specific *products*. Instead, the Agreement governs disputes over *patents*, including all four of the B&B Patents at issue in this case. *See* Settlement Agreement at Preamble. Dental USA even acknowledged the validity of the B&B Patents and agreed not to infringe on those patents in the future. *Id.* ¶¶ 6-7. In other words, the Agreement is patent-specific, not product-specific. Therefore, because the Agreement covers "any and all disputes" relating to the Agreement, it necessarily covers future infringement claims relating to the B&B Patents.

Next, Dental USA claims that the parties in this case are not bound by the Agreement. *See* Pl.'s Resp. Br. at 5. It emphasizes that the 2009 Agreement was only between Dental USA (through its president, Jang Lim) and Dr. Golden. *Id.* As a result, it argues that B&B and EPR cannot enforce the Agreement's arbitration clause. *Id.* Paragraph 8 of the Agreement, however, states: "[t]his Agreement shall be binding not only on GOLDEN and LIM, but also on any and all businesses controlled by LIM or GOLDEN specifically including, but not limited to Dental USA, Inc." Settlement Agreement ¶ 8. Dental USA acknowledges that Dr. Golden is the exclusive licensee of the B&B Patents, Compl. ¶ 17, and even admits that B&B and EPR (which does business as Golden Dental Solutions) "are in essence the same company," Pl.'s Resp. Br. at 8. Furthermore, Dental USA does not deny that Dr. Golden owns and therefore controls both B&B and EPR.[4] *See* R. 16-11, Defs.' Exh. J,

---

[4]Indeed, in a similar complaint that has already been dismissed by a different judge in this District, Dental USA admitted that Dr. Golden was the "principal controller of B&B and

Golden Aff. ¶¶ 1-2. In short, because Dr. Golden controls both B&B and EPR, the 2009 Settlement Agreement is binding on all of the parties in this action, and Defendants may therefore enforce the arbitration clause.

As its third argument opposing Defendants' dismissal motion, Dental USA notes that Defendants mistakenly cite § 3 of the Federal Arbitration Act (FAA), which requires courts to *stay*—not *dismiss*—judicial proceedings when there is an arbitrable issue. *See* Pl.'s Resp. Br. at 5; *see also* Defs.' Br. at 9 (citing § 3 of the FAA). It also emphasizes that Defendants have not requested that the Court dismiss the case for improper venue under Rule 12(b)(3). *See* Pl.'s Resp. Br. at 5. But neither of these problems is fatal to Defendants' motion to dismiss. When an issue in controversy is covered by a valid arbitration agreement, the FAA requires courts to stay the proceedings or to compel arbitration. 9 U.S.C. §§ 3, 4; *AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1748 (2011). But dismissal under Rule 12(b)(3), as opposed to an order compelling arbitration, is appropriate when an agreement requires arbitration in another district. *See Faulkenberg*, 637 F.3d at 808; *Cont'l Cas. Co.*, 417 F.3d at 733 (noting that dismissal is "appropriate" when a forum selection clause "require[s] arbitration in other districts"). Here, the 2009 Settlement Agreement requires that the arbitration be conducted in Oakland County, Michigan. Settlement Agreement ¶ 11. So regardless of what Defendants cite (or do not cite) in support of their dismissal motion, Dental USA's claims do not

---

EPR." Complaint ¶ 19, *Dental USA, Inc. v. Beak & Bumper, LLC*, No. 13 C 2581, 2013 WL 3755415 (N.D. Ill. July 16, 2013), ECF No. 1.

belong in this Court (or in this District), and the Court must therefore dismiss its complaint.

Last, Dental USA argues that Defendants waived their right to arbitrate by voluntarily dismissing, without prejudice, the arbitration claims related to these patents and by filing this motion to dismiss. Pl.'s Resp. Br. at 6-7. Both of these waiver arguments are unpersuasive. First, the Seventh Circuit has explicitly held that "a party does not waive its right to arbitrate by filing a motion to dismiss." *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 995 (7th Cir. 2011).[5] Rather, courts must "consider[] the totality of the circumstances" when determining whether "a party acted inconsistently with the right to arbitrate." *Id.* at 994. Some of the factors that courts consider in this waiver analysis include whether the allegedly defaulting party acted diligently, participated in the litigation, delayed its request for arbitration, or participated in discovery. *Id.*

---

[5]Dental USA's reliance on *St. Mary's* to reach the opposite result is misplaced. *See* Pl.'s Resp. Br. at 6-7 (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585 (7th Cir. 1992)). In that case, the court emphasized that the defendant had not only filed a mere motion to dismiss, but also a motion for summary judgment. *See St. Mary's*, 969 F.2d at 589. It was the summary-judgment motion that was inconsistent with the right to arbitrate because the court had to resolve the underlying merits of the contract claim when ruling on that motion. *See id.* at 589-90. Here, this Court does not need to address the merits of the underlying patent dispute in resolving Defendants' motion to dismiss. And Defendants' moving to dismiss the complaint *with* prejudice does not automatically convert the dismissal motion into a summary-judgment motion, as Dental USA suggests. *See* Pl.'s Resp. Br. at 6. Instead, dismissing the complaint with prejudice simply means that Dental USA cannot refile its claims in this Court; Dental USA must proceed in arbitration, if it wishes to proceed at all.

Under the circumstances of this case, Defendants did not waive their right to arbitrate.[6] Although Defendants dismissed their infringement claims against Dental USA in arbitration, they did so *without* prejudice. *See* Defs.' Exh. I. Arbitration over these claims is therefore still an option, whether by Defendants reinstating their infringement claims or—more to the point—by Dental USA bringing its own declaratory claims to an arbitrator. There is no evidence to suggest that Defendants have resisted arbitration or that they would argue that Dental USA should be barred from bringing its own claims in arbitration. In fact, Golden and B&B currently have claims pending in arbitration against Dental USA over the method patent also covered by the 2009 Settlement Agreement. *See generally* R. 28, Defs.' Supplemental Filing. Finally, Defendants' litigation-related conduct in this Court does not suggest that they have waived the right to arbitrate. Defendants filed their motion to dismiss less than a month after Dental USA filed its complaint.

---

[6]In *Howsam v. Dean Witter Reynolds, Inc.*, the Supreme Court stated that "the presumption is that the arbitrator should decide 'allegation[s] of waiver, delay, or a like defense to arbitrability.'" 537 U.S. 79, 84 (2002) (alteration in original) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). The Circuit courts of appeals have since split on how to treat this statement from *Howsam*. *Compare Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 11-14 (1st Cir. 2005) (analyzing *Howsam* and ultimately holding that courts should determine whether litigation-related activity amounts to waiver), *and Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 464 (5th Cir. 2004) (same), *with Nat'l Am. Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 328 F.3d 462, 466 (8th Cir. 2003) (citing *Howsam* in support of the court's conclusion that determining whether litigation-related activity amounted to waiver is an issue for the arbitrator). The Seventh Circuit has not ruled definitively one way or the other. *Compare Lumbermens Mut. Cas. Co. v. Broadspire Mgmt. Servs., Inc.*, 623 F.3d 476, 480-81 (7th Cir. 2010) (noting that *Howsam* held procedural questions such as waiver and delay are presumptively for the arbitrator), *with Kawasaki*, 660 F.3d at 993-98 (performing a waiver analysis and holding that a party did not waive its right to arbitrate). Either way, even if the Court is wrong to rule on the waiver issue, there is no practical impact on the present case because the Court concludes that there is no waiver and the case may still proceed in arbitration.

9

*See* Compl. (filed Mar. 20, 2013); Mot. Dismiss (filed Apr. 15, 2013). This demonstrates that Defendants were not attempting to delay these proceedings and supports the Court's conclusion that there is no waiver under the *Kawasaki* factors.

In summary, the 2009 Settlement Agreement applies to these parties and to this dispute, and Defendants have not waived their right to arbitrate. Therefore, because the Agreement contains an arbitration provision requiring arbitration in a different district, this case is dismissed for improper venue under Rule 12(b)(3).

### B. Subject-Matter and Personal Jurisdiction

Because the Court agrees that dismissal for improper venue is appropriate, it need not address whether Dental USA presents an actual case or controversy or whether the Court has personal jurisdiction over Defendants. It is true that district courts ordinarily must address subject-matter and personal jurisdiction at the outset of a lawsuit, before addressing any other issues in the case. But courts may bypass these jurisdictional questions "when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007); *cf. also id.* at 425, 432-36 (holding that district courts have discretion to evaluate a motion to dismiss on *forum non conveniens* grounds before resolving whether it has subject-matter jurisdiction over the claim or personal jurisdiction over the defendant). Like a *forum non conveniens* dismissal, a dismissal for improper venue is not a decision on the merits. *Cf. id.* at 433 (recognizing that ruling on a *forum non conveniens* motion may involve only "a brush with factual and legal issues of the underlying dispute" (internal quotation marks and citation

omitted)). And here, this case is a "textbook case" for immediate dismissal under Rule 12(b)(3). *Id.* at 435. As discussed above, the 2009 Settlement Agreement clearly covers these parties and this dispute, and requires arbitration in a different district. Finally, although the subject-matter-jurisdiction analysis would be rather straightforward, the personal-jurisdiction issue is not so clear-cut and could require jurisdictional discovery. Therefore, it is appropriate for this Court to take the "less burdensome course" and immediately dismiss the case under Rule 12(b)(3). *Id.* at 436.

### III. Conclusion

For the reasons discussed above, the Court grants Defendants' motion to dismiss [R. 15] with prejudice because the claims must be arbitrated in Michigan.

ENTERED:

                    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: February 21, 2014